# Exhibit 2



## Davis
### CONSUMERLAWFIRM
*Working For The People*
**Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products**
**WWW.USACREDITLAWYER.COM; TOLL-FREE:1-855-432-8475; EMAIL-fdavis@usacreditlawyer.com**
**CORPORATE HEADQUARTERS: 2300 Computer Rd.-Ste G39, Willow Grove, PA 19090**
**\*\*\*Board Certified by the New Jersey Supreme Court as a Civil Trial attorney**
**\*\*Awarded "Rising Star" by Pennsylvania Superlawyer Magazine**

August 4, 2021

SYNCHRONY BANK
170 West Election Road-Suite 125
DRAPER, UT        84020

**REC D - DRAPER**
**AUG 1 0 2021**

**RE: Katharine Davis v SEQUIEM ASSET SOLUTIONS, LLC, et al**
**Chester County Court of Common Pleas Docket No.:2021-05524-MJ**

Dear Sir/Madam:

Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of this complaint. Please contact me if you would like to discuss a resolution of this matter prior to filing your Answer. I can be reached by email or phone at the numbers listed above.

At the present time I have flexible settlement authority, but this will diminish once more work is required in this fee shifting case. *See* 15 U.S.C. § 1692k. Kindly respond at your convenience but prior to the default deadline listed above.

Please also refrain from any contact with Plaintiff or any third-parties regarding this or any other alleged debts and instead communicate exclusively through my office. Please also ensure that the Plaintiff's credit reports are updated to reflect the fact that no debt is owed and that any/all trade-lines associated with any such reporting are immediately deleted, in accordance with 15 U.S.C. § 1692e(8) and 15 U.S.C. § 1681I.

Very Truly Yours,

Fred Davis, Esq.

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA   19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

Filed and Attested by
PROTHONOTARY
03 Aug 2021 12:33 PM
G. za Sisson

REC D - DRAPER

AUG 1 0 2021

---

KATHARINE DAVIS
14 Mountain Ash Lane
HORSHAM, PA
19044


*Plaintiff*


*v.*


SEQUIEM ASSET SOLUTIONS, LLC
1130 Northchase Parkway-Suite 150
MARIETTA, GA
30067


*Defendant*


*And*


LVNV FUNDING, LLC
55 BEATTIE PLACE-SUITE 110
GREENVILLE, SC
29601


*Defendant*


*And*


SYNCHRONY BANK
170 West Election Road-Suite 125
Draper, UT
84020


*Defendant*

COURT OF COMMON PLEAS
CHESTER COUNTY


CIVIL ACTION


DOCKET NO.:2021-05524-MJ

## NOTICE TO DEFEND
## CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

## YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889
## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

## LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

## SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA   19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

*Filed and Attested by
PROTHONOTARY
03 Aug 2021 12:33 PM
Gina Sisson*

---

KATHARINE DAVIS
14 Mountain Ash Lane
HORSHAM, PA
19044


*Plaintiff*


v.


SEQUIEM ASSET SOLUTIONS, LLC
1130 Northchase Parkway-Suite 150
MARIETTA, GA
30067


*Defendant*

*And*


LVNV FUNDING, LLC
55 BEATTIE PLACE-SUITE 110
GREENVILLE, SC
29601


*Defendant*

*And*


SYNCHRONY BANK
170 West Election Road-Suite 125
Draper, UT
84020


*Defendant*

COURT OF COMMON PLEAS
CHESTER COUNTY


CIVIL ACTION


DOCKET NO.:2021-05524-MJ

*2021-05524-MJ*

## AMENDED COMPLAINT

1.      Plaintiff, KATHARINE DAVIS, is an adult individual citizen
and legal resident of the State of Pennsylvania, living at 14 Mountain Ash Lane, Horsham, PA
19044.

2.      Defendant, SEQUIEM ASSET SOLUTIONS, LLC, is a business
corporation qualified to and regularly conducting business in, the Commonwealth of
Pennsylvania, with its legal residence and principal place of business at 1130 Northchase
Parkway-Suite 150, Marietta, GA 30067. Defendant can be served at that address.

3.      Defendant, LVNV FUNDING, LLC, is a business corporation qualified to
and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal
residence and principal place of business at 55 BEATTIE PLACE-SUITE 110, GREENVILLLE,
SC 29601. Defendant can be served at that address.

4.      Defendant, SYNCHRONY BANK, is a business corporation qualified to
and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal
residence and principal place of business at 170 West Election Road-Suite 125
Draper, UT, 84020. Defendant can be served at that address.

5.      Plaintiff avers that at all times material hereto, Defendants acted by
and through its authorized agents, servants, officers, and/or employees, including Defendants, all
of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

6.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),
which states that such actions may be brought and heard before "any appropriate United States
district court without regard to the amount in controversy, or in any other court of competent
jurisdiction".

7.     Defendant regularly conducts business in the State of

Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

8.     Venue is proper in Chester County pursuant to Pennsylvania

Rule(s) of Civil Procedure §§ 1006 and 2179.

9.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202.

## PARTIES

10.     Plaintiff is a natural person residing in Horsham, PA. Some/all of the

transactions comprising the alleged debt occurred in Chester County.

11.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) and 73 P.S. § 2270.3. The transactions comprising the alleged debt were for consumer

related purchases, such as household hoods, food, clothing, etc.

12.     Defendant, SEQUIEM ASSET SOLUTIONS, LLC, is a company

handling debt collection matters with headquarters located at 1130 Northchase Parkway-Suite

150, Marietta, GA 30067.

13.     Defendant is a debt collector as that term is defined by 15 U.S.C.

§1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions

stems from the acquisition of personal goods and services, such as household items, clothing,

groceries, etc.

14.     Defendant, LVNV FUNDING, LLC, is a company handling debt

collection matters with headquarters located at 55 BEATTIE PLACE-SUITE 110,

GREENVILLLE, SC 29601.

15.     Defendant, LVNV FUNDING, LLC, is a is a "creditor" as defined by 73

P.S. § 2270.3, as it is an entity to whom a debt is owed or alleged to be owed, with headquarters

located at 55 BEATTIE PLACE-SUITE 110, GREENVILLE, SC 29601.

16.     Defendant LVNV FUNDING, LLC is also a debt collector as that term is defined by 15 U.S.C. §1692a, and sought to collect a consumer debt from Plaintiff, as the principal purpose of Defendant's business is the acquisition and collection of defaulted debts, and the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

17.     Defendant, SYNCHRONY BANK, is a company handling debt collection matters with headquarters located at 170 West Election Road-Suite 125 Draper, UT, 84020.

18.     All Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19.     Throughout the past year, Defendants LVNV FUNDING, LLC and SEQUIEM ASSET SOLUTIONS, LLC contacted Plaintiff attempting to collect a debt that Defendants allege originated with SYNCHRONY BANK, in the amount of $818.18.

20.     Plaintiff alleges and avers that Defendants LVNV FUNDING, LLC and SEQUIEM ASSET SOLUTIONS, LLC caused Plaintiff's phone to ring and contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d(5).

21.     Plaintiff alleges and avers that there is no agreement between Plaintiff and SYNCHRONY BANK or LVNV FUNDING, LLC allowing for the collection of any account by a third-party, and Defendants thereby violated 15 U.S.C. §§§§§ e(2), (8), (10) and f(2) and (6).

22.    Plaintiff alleges and avers that there is/was no account held by her with SYNCHRONY BANK, LVNV FUNDING, LLC or SEQUEIM ASSET SOLUTIONS, LLC, and Defendants' collection efforts thereby violated 15 U.S.C. §1692e(2), (8), (9) and f(1).

23.    Plaintiff alleges and avers that Defendants' reference to SYNCHRONY BANK is misleading and false, as there is no debt owed to SYNCHRONY BANK, and this is in violation of 15 U.S.C. §§§§ 1692g, e(2), (8), (10) and f(1).

24.    Plaintiff alleges and avers Defendants LVNV FUNDING, LLC and SEQUEIM ASSET SOLUTIONS, LLC secured and distributed personal information about Plaintiff, including her social security number, without authorization, and used to perpetuate these bogus collection efforts, and Defendants thereby violated 15 U.S.C. §§§§ 1692g, e(2), (8), (10) and f(1).

25.    Plaintiff alleges and avers that Defendants LVNV FUNDING, LLC and SEQUEIM ASSET SOLUTIONS, LLC have not timely updated Plaintiff's financial information to reflect the fact that the judgment is bogus, in violation of 15 U.S.C. §1692e(8) and f(1).

26.    Plaintiff alleges and avers that Defendants LVNV FUNDING, LLC or SEQUEIM ASSET SOLUTIONS, LLC neither viewed nor possessed any credible documentary evidence of a written agreement between Plaintiff and SYNCHRONY BANK or any original account statements, showing accumulation of the alleged debt, yet sought to collect it anyway. Defendant thus violated 15 U.S.C. §§§ 1692e(2), (5) and f(1).

27.    Plaintiff alleges and avers that Defendant LVNV FUNDING, LLC filed or caused to be filed a lawsuit against Plaintiff in a state in which Plaintiff never lived, and secured an adverse judgment against her, when in fact Plaintiff never had any such account or

liability to Defendant LVNV FUNDING, LLC, SEQUEIM ASSET SOLUTIONS, LLC or SYNCHRONY BANK, and Defendant LVNV FUNDING, LLC thereby violated 15 U.S.C. §§§§1692 e(2), (5), (10) and f(1).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

28.     In their actions to collect a disputed debt, Defendants SEQUIEM ASSET SOLUTIONS, LLC and LVNV FUNDING, LLC violated the FDCPA in one or more of the following ways:

a.   Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

b.   Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

c.   Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

d.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, KATHARINE DAVIS, respectfully prays for a judgment as follows:

a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.     Any other relief deemed appropriate by this Honorable

Court.

## COUNT II
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL") AS TO ALL DEFENDANTS

29.    Plaintiff hereby incorporates all facts and allegations specified in

paragraphs above, by reference as if fully set forth at length.

30.    Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

31.    Defendants SYNCHRONY BANK, SEQUEIM ASSET SOLUTIONS,

LLC and LVNV FUNDING, LLC are "Person(s)" as defined by 73 P.S. § 201-2(2).

32.    The Pennsylvania Unfair Trade Practices and Consumer

Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to

include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the

source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to

affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct

which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

33.    Plaintiff alleges and avers that Defendants violated the Act by

misrepresenting that any debt was owed and further improperly acquiring and disseminating

Plaintiff's personal financial information to further its illegal collection scheme. Plaintiff alleges

and avers that Defendants' conduct complained of herein paragraphs amounts to violations of

the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq,* and is thus a concomitant violation of the Unfair Trade  Practices Act.

34.     Plaintiff alleges and avers that Defendants violated the Act by misrepresenting the validity of the alleged debt, by falsely claiming Plaintiff wed them anything, if any, and misrepresenting the  legitimacy of the alleged debt to secure an illegal judgment against Plaintiff.

35.     Plaintiff further alleges and avers that Defendants' attempt to collect a bogus debt from Plaintiff, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

36.     The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendants' per se and statutory violations of Pennsylvania Law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO ALL DEFENDANTS

37.     Plaintiff hereby incorporates the preceding paragraphs by reference as through fully set forth.

38.     Plaintiff alleges and avers that Defendants' conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of misleading and abusive collection tactics aimed at perpetually and unfairly and depriving Plaintiff of money and her rights to be free from harassment.

39.    Plaintiff alleges and avers that Defendants' conduct was

undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff .

40.    Plaintiff alleges and avers that as a direct an proximate result of

Defendants' conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendants' deliberate and vexatious collection efforts.

WHEREFORE, Plaintiff, KATHARINE DAVIS, respectfully prays for a judgment as follows:

a.    All actual, statutory, punitive and compensatory damages suffered

b.    All reasonable attorneys' fees, witness fees, court costs and

other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")
## AS TO ALL DEFENDANTS

41.    Defendant intentionally intruded upon Plaintiff's solitude,

seclusion or private affairs and concerns. Defendants' intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

42.    Specifically, Defendant LVNV FUNDING, LLC filed suit against Plaintiff

attempting to collect a bogus debt, misreporting credit/judgment information and trying to collect money which Defendant had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

*2021-05524-MJ*

43.     Defendants invaded Plaintiff's privacy by participating in this collection scam, with each party playing a distinct and continuous role, each of which was for the purpose of harassing Plaintiff into paying a bogus debt. As a result, Plaintiff suffered injury as a proximate cause of such the intrusion.

WHEREFORE, Plaintiff, KATHARINE DAVIS, respectfully prays for a judgment as follows:

    a.     All actual, statutory punitive and compensatory damages suffered

    b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

## COUNT V
## NEGLIGENCE
## AS TO DEFENDANT SYNCHRONY BANK

44.     Plaintiff incorporates all prior paragraphs by reference.

45.     Defendant is a prominent financial institution. It has a duty to safeguard Consumers' financial data. It has a duty to avoid using it's access to information and financial prowess to ensure innocent consumers are not illegally pursued for bogus debts and their financial information is not accessed for illegal or nefarious purposes.

46.     Defendant breached its duties by illegally accessing and then transmitting or causing to be transmitting Plaintiff's personal financial data to Defendants LVNV FUNDING LLC and SEQUEIM ASSET SOLUTIONS, LLC, the result of which was to cause an adverse judgment to be taken against Plaintiff. As a result Plaintiff suffered injuries, and Defendant is liable to Plaintiff for these injuries.

47.    Plaintiff did not cause or contribute to the occurrences in any manner, but

at all times exercised reasonable care.

WHEREFORE, Plaintiff, KATHARINE DAVIS, respectfully prays for a judgment as

follows:

a.    All actual, statutory punitive and compensatory damages suffered

b.    All reasonable attorneys' fees, witness fees, court costs and

other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this

Honorable Court.

## COUNT VI
## DAMAGES
## AS TO ALL DEFENDANTS

48.    Plaintiff respectfully requests the following damages to be

considered separately and individually for the purpose of determining the sum of money that will

fairly and reasonably compensate Plaintiff:

a.    All statutory, compensatory and economic damages;

b.    Mental anguish suffered by Plaintiff, for the past and future;

c.    All reasonable expenses incurred by Plaintiff, including court costs

and all reasonable and necessary attorney fees; and

d.    Pre-judgment and post-judgment interest.

49.    Defendants' malicious conduct, when viewed from the

standpoint of the actor at the time of the occurrence, involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to others. Furthermore,

Defendants' conduct was willful, intentional and malicious. Defendants' conduct illustrates not

only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

50.     Nevertheless, Defendants proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendants are liable for exemplary/punitive damages. As punishment for Defendants' actions and to deter such actions in the future, Plaintiff is requesting exemplary/punitive damages.

WHEREFORE, Plaintiff, KATHARINE DAVIS, respectfully prays for a judgment as follows:

a.     All actual, statutory punitive and compensatory damages suffered

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and any other relief deemed appropriate by this Honorable Court.

DAVIS CONSUMER LAW FIRM

By:     Fred Davis-PA ID# 93907
        Attorney for Plaintiff, KATHARINE DAVIS
        2300 Computer Rd.-Ste G39
        Willow Grove, Pa  19090
        Tel – 1-855-432-8475/Facsimile-1-855-435-9294
        Email: fdavis@usacreditlawyer.com

## V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with

the facts set forth in the foregoing Amended Complaint; that same are true and correct to the best

of his knowledge, information and belief; and that this statement is made subject to the Penalties

of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.


DAVIS CONSUMER LAW FIRM


By:    Fred Davis-PA ID# 93907
       Attorney for Plaintiff, KATHARINE DAVIS
       2300 Computer Rd.-Ste G39
       Willow Grove, Pa   19090
       Tel – 1-855-432-8475/Facsimile-1-855-435-9294
       Email: fdavis@usacreditlawyer.com

**Davis Consumer Law Firm**

2300 Computer Road, Suite G-39
Willow Grove, PA .9090
P: (855) 432-8475
F: (855) 435-9294
E: fdavis@usacreditlawyer.com
www.usacreditlawyer.com | www.usalemonlawyer.com

Synchrony Bank
170 West Election Road
Ste 125
Draper, UT
84020

7018 3090 0000 2021 2362

REC D-DRAPER
AUG 10 2021

84020

U.S. POSTAGE PAID
PENN CENTER
19102
PHILADELPHIA, PA
AMOUNT
**$8.05**
R2300-E104765-10

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Synchrony Bank
   170 W. Election Road
   Ste 125
   Draper, UT       84020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
                                      ☐ Registered Mail Restricted